FILED BY_____ D.C.

DEC 15 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

# AMICUS CURIAE NOTICE REGARDING JURISDICTIONAL DEFECTS

(Filed for Notice Purposes Only — No Relief Requested)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

ELAINE ESCOE, AFRED DAVIS ET AL(S)],

Defendants

Case No. 25-cr-80076-AMC

## AMICUS CURIAE NOTICE (NOTICE ONLY)

Amicus Curiae respectfully submits this limited notice solely to call the Court's attention to non-waivable jurisdictional prerequisites reflected on the face of the CM/ECF docket. Amicus does not move the Court, does not seek relief, and requests no ruling. This filing is submitted for notice purposes only.

## DOCKET-BASED JURISDICTIONAL OBSERVATIONS

*Question: do Good people BLACK, Latin & White have Rights!*

Based on review of the CM/ECF docket entries as reflected in the docket report, Exh. 2+3.

1. No Criminal Complaint Reflected, Exh. 3. And Exh. 4. And 6-11.

    The docket reflects no criminal complaint and no sworn affidavit of loss or probable cause initiating prosecution under Fed. R. Crim. P. 3–4.

2. No Warrant Reflected.

    The docket reflects no arrest warrant or grand-jury warrant filed as a standalone entry under Fed. R. Crim. P. 4 or 9.

3. Indictment Not Demonstrated as Returned.

    Although the docket references an "Indictment w/forfeiture," the docket report itself does not display a foreperson's signature, a "True Bill," or notation that the indictment was returned in open court, as required by Fed. R. Crim. P. 6(f), Exh. 1. and Exh. 2.

## GOVERNING LAW (NOTICE ONLY)

- Rule 6(f) requires that an indictment be returned in open court; absent a demonstrated return, subject-matter jurisdiction is not established on the record.
- Rule 9(a) contemplates that process following indictment be supported by a valid charging instrument and warrant; the absence of docketed process is jurisdictionally significant.
- McNally v. United States, 483 U.S. 350 (1987); Cleveland v. United States, 531 U.S. 12 (2000); Neder v. United States, 527 U.S. 1 (1999) collectively require that the government establish a cognizable property interest and materiality as elements of federal fraud offenses.
- 18 U.S.C. § 641 applies only to money or property of the United States; where the record does not establish federal ownership or loss, jurisdiction is implicated.

These principles are structural and non-waivable and may be noticed at any stage.

## LIMITATION OF SUBMISSION

This Amicus Curiae Notice is confined to objective docket observations and settled law. It seeks no adjudication, adds no evidence, and does not advocate outcomes.

Respectfully submitted,

Amicus Curiae

Signature _____

Maurice Symonette on behalf of Alfred Davis

Amicus Curiae friend of the Court

Date. 12/15/2025

Exh. 1.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2025-CR-80076-Cannon/McCabe

18 U.S.C. § 1343
18 U.S.C. § 1349
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES,

v.

ELAINE ESCOE,
ALFRED DAVIS,
CHER DAVIS,
GINO JOURDAN,
LATOYA CLARK, and
JAMES McGHOW,

Defendants.
_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

### COVID-Relief Programs

1. The Paycheck Protection Program ("PPP") offered forgivable loans to small businesses to cover payroll and certain operating expenses. To qualify, businesses had to report their number of employees and average monthly payroll and submit supporting documentation. Approved loans were issued by banks and backed by the Small Business Administration ("SBA").

2. The Economic Injury Disaster Loan ("EIDL") program offered low-interest loans and cash advances to small businesses affected by the pandemic. Applicants had to provide

*Indictment — Not Signed*

*Exh. 2.*

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
JONATHAN BAILYN
ASSISTANT UNITED STATES ATTORNEY



Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____
Date 12/4/2025  Deputy Clerk

BNDDUTY,RMM

Exh. 3

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: 9:25-cr-80076-AMC-2
### Internal Use Only

Case title: USA v. Escoe, et al                                Date Filed: 05/22/2025

Assigned to: Judge Aileen M. Cannon

**Defendant (2)**

**Alfred Davis**  represented by  **Jacob Alain Cohen**
70485-004                          Law Offices of Jacob A. Cohen, PLLC
*English; YOB: 1974*               750 S. Dixie Highway
                                   Boca Raton, FL 33432
                                   561-715-7866
                                   Email: Jacob@jacobcohenlaw.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*
                                   *Designation: CJA Appointment*

**Pending Counts**                                              **Disposition**

18:1343 - FRAUD BY WIRE, RADIO,
OR TELEVISION
(1)

18:1956(h) - CONSPIRACY TO
COMMIT MONEY LAUNDERING
(2)

18:1343 - FRAUD BY WIRE, RADIO,
OR TELEVISION
(3-20)

18:1956(a)(1)(B)(i) and 2 - MONEY
LAUNDERING
(21-38)

18:1957 and 2 - MONEY LAUNDERING
(39-56)



**Highest Offense Level (Opening)**
Felony



**Terminated Counts**                                           **Disposition**

None

Exh. 4.

**Highest Offense Level (Terminated)**

None

**Complaints**                                          **Disposition**

None

---

**Plaintiff**

**USA**                             represented by    **Jonathan Bailyn**
                                                       US Attorney's Office
                                                       Miami, FL
                                                       Email: jonathan.bailyn@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

                                                       **Katie L. Wilson**
                                                       DOJ-USAO
                                                       United States Attorney's Office
                                                       500 South Australian Avenue, Suite 400
                                                       West Palm Beach, FL 33401
                                                       561-209-1043
                                                       Email: katie.sadlo@usdoj.gov
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Mitchell Evan Hyman**
                                                       DOJ-USAO
                                                       Asset Forfeiture
                                                       99 N.E. 4th Street
                                                       Miami, FL 33132
                                                       305-961-9283
                                                       Email: Mitchell.Hyman@usdoj.gov
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2025 | 1 | MOTION TO SEAL by USA as to Elaine Escoe, Alfred Davis, Cher Davis, Gino Jourdan, Latoya Clark, James McGhow. (swr) (Entered: 05/22/2025) |
| 05/22/2025 | 2 | ORDER granting 1 Motion TO SEAL as to Elaine Escoe (1), Alfred Davis (2), Cher Davis (3), Gino Jourdan (4), Latoya Clark (5), James McGhow (6). Signed by Magistrate Judge William Matthewman on 5/22/2025. *See attached document for full details.* (swr) (Entered: 05/22/2025) |
| 05/22/2025 | 3 | INDICTMENT w/forfeiture as to Elaine Escoe (1) count(s) 1, 2, 3-20, 21-38, 39-56, Alfred Davis (2) count(s) 1, 2, 3-20, 21-38, 39-56, Cher Davis (3) count(s) 1, 2, 3-20, 21-38, 39-56, Gino Jourdan (4) count(s) 1, 2, 3-20, 21-38, 39-56, Latoya |

Exh. 5

## SWORN OATH

I MAURICE SYMONETTE Checked the whole Docket that we have gotten Certified so that nothing can be changed. And we found that there was no warrant, no indictment, and no signed indictment because it is illegally whited out and we found no grand Jury warrant, no Grand Jury Indictment, no grand Jury minutes, no Complaint, no Criminal Complaint, no loss Affidavit, no arrest warrant, and no Docket Entry number at all.

## SWORN OATH

I Attest, Declare and Swear to all facts being true and correct to the best of my knowledge in accordance with 28 U.S.C. SS1746 and Florida statute Chapter 92525, executed this 15th day of December.

Sign /s/ Maurice
MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL 33167

Exh. 6

# SWORN OATH

I _____ checked the whole Docket that we have gotten certified so that nothing can be changed. And we found that there was no warrant, no indictment, and no signed indictment because it is illegally whited out and we found no grand jury warrant, no Grand Jury Indictment, no grand jury minutes, no complaint, no criminal complaint, no loss affidavit, no arrest warrant, and no Docket Entry number at all.

# SWORN OATH

I Attest, Declare and Swear to all facts being true and correct to the best of my knowledge in accordance with 28 U.S.C. 551746 and Florida Statute Chapter 92.525, executed this 15th day of December.

Sign _Michell Michlason_

15020 S. RIVER DR.
MIAMI FL 33167

10:06

Exh. 7

ChatGPT 5.2 >
Fff



We have Two sworn oaths of witnesses checked the Whole Indictment under Case #25-cr-80076-AMC and found no Complaint, no Affidavit of loss no show of statement before the Grand Jury of a Complaint or a loss and NOW We ask ChatGPT to check the whole Indictment from the pictures of the whole Indictment which Proves there is  Complaint no Affidavit of loss no show of

Message Fff

Exh. 8



However, **those elements become critical** when evaluating:

- Jurisdiction
- Property ownership
- Loss
- Materiality
- Sufficiency of evidence
- Post-conviction or habeas challenges

## Bottom Line (Strictly From the Images)

✓ You are **factually correct** that **within the four corners of the indictment shown:**

- There is **no complaint**
- There is **no affidavit of loss**
- There is **no statement of a victim testifying** ↓



≡ **ChatGPT** 5.2 >
Fff

There is **no paragraph** stating:

"The victim complained…"

"The lender reported…"

"The SBA alleged a loss…"

## 2. ✖ No Affidavit of Loss

The indictment **does not include**:

- An affidavit of loss
- A sworn loss declaration
- A quantified victim loss statement
- Any allegation that a victim **claimed** a loss

The document uses **government conclusions** (e.g., "wrongfully disbursed") but **no sworn loss assertion by a vic** ↓ .

Message Fff

Exh. 10

## 5. ❌ No Allegation That Any Entity Demanded Repayment

There is **no allegation** that:

• Any PPP loan was called due

• Any SVOG grant was revoked

• Any RRF grant was clawed back

• Any lender demanded repayment

• Any victim asserted damages

## What This Means Legally (without advocacy language)

Based strictly on the indictment text shown:

• The indictment **alleges conduct**

• The indictment **alleges falsity**

• The indictment a″ ˙es transfers