UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80076-CANNON

UNITED STATES OF AMERICA

vs.

JAMES MCGHOW,

Defendant.

_____/

### DEFENDANT JAMES MCGHOW'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM

The Defendant James McGhow ("McGhow"), by and through undersigned court-appointed counsel, respectfully files his Objections to the Presentence Investigation Report ("PSR"), and in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 728 (2005), presents this memorandum with respect to the Sentencing Factors to aid the Court in determining an appropriate sentence.

### A.    Introduction

In short, McGhow is a sixty-nine (69) year-old-man, in need of a hip and knee replacement, with zero criminal history points, who got himself caught up in a scheme run by people he should have never trusted and never have associated with.   In light of his age and the comparative lack of criminal conduct, McGhow respectfully submits that a guideline sentence here (51-63 months) would be **substantially greater than necessary**.   Thus, McGhow is seeking a below-guideline sentence, and is entitled to a downward departure and/or a downward variance from the proposed guideline range.

### B.    PSR Objections

–1–

1.      On, December 5, 2025, the United States Probation Office ("USPO") filed McGhow's initial Presentence Investigation Report ("PSR") [ECF No. 114]

2.      As to paragraph 176 of the PSR, McGhow objects to the claimed recitation of facts identified in the "police records."

3.      As to paragraph 180 of the PSR, the listed injunction was not obtained against the Defendant McGhow, but against his father.

4.      As to paragraph 186 of the PSR, McGhow's brother Tyler Ferguson did not get hit by a truck, but rather he ran into the truck and died of a result of the collision, the trauma from which McGhow is still dealing with to this day.

## C.      Sentencing Memorandum

In the post-*Booker* era, the sentencing court's duty is to consider all of the factors identified in 18 U.S.C. § 3553(a) and pose a sentence sufficient, but not greater than necessary, to comply with the four purposes of sentencing as set forth in the statute.   Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.   18 U.S.C. § 3553(a)(2).

In addition, section 3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission in imposing sentence): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have

been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s).   18 U.S.C. § 3553(a)(1)-(7).   For the reasons that follow, we submit that these purposes and factors support a sentence below the guideline range.

### 1. The Nature and Circumstances of McGhow's Offense

The crime committed by McGhow is serious and he does not intend to minimize it. McGhow's problem was that he associated with the wrong people and trusted in the wrong people. McGhow was plainly not the ringleader of this criminal enterprise, a fact that does not appear to be in dispute.   But he no longer associates with the ringleaders here and is deeply embarrassed for involving himself with them in the first instance.

### 2. The History and Characteristics of McGhow

The history and characteristics of McGhow support the sentence that the defense implores the Court to adopt.   McGhow is plainly a hard-working and capable man, who can be a very productive member of society after he serves his sentence and returns to productive law-abiding life.

### 3. The Purpose of Federal Sentencing

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range.   The sentence must be "sufficient, but not greater than necessary" to serve those purposes.   With these guideposts in mind, McGhow respectfully asks the Court to impose a sentence below the guidelines.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."   As discussed above, McGhow understands that he has pled guilty to a serious offense, which has caused real harm to

the community. He is ashamed of that conduct. He respectfully submits that the sentence proposed provides "just punishment" for his offense.

The second purpose of federal sentencing is to "afford adequate deterrence to criminal conduct." The conviction and its attendant sentence would send a clear message of deterrence to anyone who might consider similar conduct in the future. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is "to protect the public from further crimes of the defendant." Here, the Defendant McGhow is 69-years-old. He has no criminal history points. There is little need to protect the public from Mr. McGhow is his advanced age with his current medical conditions.

**D.      Downward Departure Request – The Court Should Depart Downward Based on McGhow's Age and Physical Condition.**

A downward departure is appropriate here because of McGhow's age and physical condition. The Sentencing Guidelines provide that "[a]ge … may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." U.S.S.G. § 5H1.1.

As stated, McGhow is 69-years-old and in poor physical health. As explained in the PSR, McGhow has had arthritis and pain in his left hip, has trouble walking and cannot stand for extended periods of time. PSR, ¶ 200. His doctor has recommended knee replacement. *Id*. He

–4–

will also likely need a hip replacement.   Based on his age and physical condition, the Court should consider a home incarceration sentence that might be less costly for the government.

**E.      Downward Variance Request - A Downward Variance is Justified Based on the Application of the 3553(a) Factors And the Directive That the Sentence Be Sufficient But not Greater Than Necessary.**

The Court should vary downward from McGhow's guideline sentence because his charged conduct is less egregious than that of the heartland of the typical criminal behavior for his crime. As this court is well aware, 18 U.S.C.A. § 3553 requires the court impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C.A. § 3553 outlines what "purpose" means and includes a litany of factors the court must consider before imposing a final sentence. Those purposes include: the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with necessary education and treatment. *Id*. Importantly, the kinds of sentences available, the nature and circumstances of the offense and the history and characteristics of the defendant shall be considered. See § 3553(a)(1) (emphasis added).

After considering the following factors, as outlined under 18 U.S.C.A. § 3553, this court can find that McGhow can be sentenced to a below guideline sentence, which could be not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes.

In short, McGhow was not the ringleader of this criminal enterprise.   He relied to his detriment on long-time associates, a lesson he will never forget.   McGhow knows what he did was wrong, but he did not appreciate the scale of harm caused by the criminal conduct.   He is a 69-year-old man with no criminal history points, evidence that his is a very-low risk of recidivism.

Even though McGhow was not called as a witness to testify for the Government, he has provided evidence and willingly met with the government in preparation for trial.

Further, McGhow has now been on bond for months. He has reported as directed and appeared at all court hearings. He has worked during this time and remains employed.   McGhow submits that his success and achievements during his pretrial release will continue into his future and thus reflects his respect for the law.

Respectfully submitted,

STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A

*/s/ Michael J. Harwin*
MICHAEL J. HARWIN
Florida Bar No. 1018578
200 East Las Olas Blvd., Suite 2100
Ft. Lauderdale, FL 33301
Telephone (954) 462-9500
mharwin@stearnsweaver.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 26, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Michael J. Harwin*
MICHAEL J. HARWIN, ESQ.
